# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LAUREN ANNE RUDAKAS,**

    **Plaintiff,**

v.                                                       Case No:   6:18-cv-974-Orl-37EJK

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY,**

    **Defendant.**

_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Attorney's Fees and Expenses ("Motion") (Doc. 92), filed March 17, 2020. Defendant filed a response on March 31, 2020. (Doc. 93.) Thus, the Motion is ripe for review. On March 3, 2020, I granted in part and denied in part Plaintiff's Motion to Compel Compliance with Case Management and Scheduling Order and for Sanctions. (Doc. 85.) The Order sanctioned Defendant, pursuant to Federal Rule of Civil Procedure 16(f), based on the conduct of defense counsel during multiple days of a court-supervised pre-trial meeting. I awarded Plaintiff the attorney's fees and expenses that she incurred by having her attorney prepare for and attend that meeting. I also directed the parties to confer as to the amount of attorney's fees and expenses, and if they could not agree, granted Plaintiff leave to file a motion seeking those fees and expenses on or by March 17, 2020. The parties settled the case on March 4, 2020. (Doc. 86.) Not surprisingly, the parties were unable to reach an agreement as to the amount of Plaintiff's attorney's fees and expenses, so Plaintiff timely filed the present Motion. (Doc. 92.)

In the Motion, Plaintiff seeks $9,260.00 in attorney's fees and expenses associated with the pre-trial meeting:

- 16 hours x $475 per hour = $7,600.00 for attorney Carolyn Salzmann;
- 16 hours x $100 per hour = $1,600.00 for paralegal Lisa Parsons; and
- $15 per day of parking x 2 cars x 2 days = $60.00 for parking.

In response, Defendant simply argues, without citing any authority in support:

> Plaintiff's Motion for Attorneys' Fees and Expenses (Doc. 91), which was filed after the parties had reached a settlement agreement to resolve this action in its entirety, and well after the Court had entered an order dismissing this action with prejudice, terminating all prior deadlines, and directing the Clerk to close this file, is untimely filed after the case was settled, dismissed, and closed.

(Doc. 93.)[1]

Defendant's argument that the Motion is untimely is incorrect. The Court sanctioned Defendant prior to the settlement of the case, and Plaintiff was specifically granted leave to file a motion for attorney's fees and expenses if the parties could not reach an agreement on the amount. Neither Plaintiff nor Defendant argues that the settlement agreement encompasses the sanctions award. Absent such an agreement between the parties, the sanctions award remains outstanding as a collateral issue for this Court to consider. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction.").

---

[1] Defendant apparently "[did] not believe a response to the [Motion] was warranted," filed its barebones response "in an abundance of caution," and requested an additional opportunity to "provide a substantive response" if "the Court deemed[ed] a substantive response to the [Motion] warranted." (Doc. 93 at 2–3.) The Court declines Defendant's request. Defendant's failure to provide a substantive response was taken at Defendant's peril, and the Court will not provide Defendant with a second bite at the apple.

As to the amount of the sanction, attorney's fees awarded as a sanction in connection with discovery motions are calculated in the same manner as any other motion for attorney's fees. *Feingold v. Budner*, No. 0880539-Civ-Hurley/Hopkins, 2009 WL 10667476, at *1–3 (S.D. Fla. May 26, 2009); *Action Marine, Inc. v. Continental Carbon, Inc.*, 243 F.R.D. 670, 686–87 (M.D. Ala. 2007); *Creative Resources Grp. of New Jersey, Inc. v. Creative Resources Grp., Inc.*, 212 F.R.D. 94, 103–04 (E.D.N.Y. 2002). Federal courts apply the "lodestar" method, by which a reasonable attorney's fee award is derived by multiplying counsel's reasonable hourly rate by the number of hours counsel reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The movant bears the burden of demonstrating that its counsel's requested hourly rate and the number of hours its counsel expended are reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

Plaintiff is seeking $9,200.00 in attorney's fees, which are calculated as 16 hours of work at an hourly rate of $475.00 for attorney Carolyn Salzmann and 16 hours of work at an hourly rate of $100 for paralegal Lisa Parsons. The Court finds that Plaintiff has adequately supported the requested number of hours based on the time attending the pre-trial meeting, and that the number of hours is reasonable based on the Court's personal observations of Ms. Salzmann's attendance at the meeting. Moreover, the Defendant has not challenged the number of attorney work hours claimed by the Plaintiff.

As to the hourly rate, "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman,* 836 F.2d at

1299 (citations omitted). Satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates. *Id.*

Plaintiff has not submitted any evidence establishing that a rate of $475.00 per hour for an attorney and $100 per hour for a paralegal are reasonable in the Orlando market. Instead, the Court will rely upon its own knowledge and experience of the prevailing market rate to determinate a reasonable hourly rate for the sanctions award. *See Norman*, 836 F.2d at 12991300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Relying on this knowledge and experience, the Court finds that an hourly rate of $475.00 for an attorney and $100 for a paralegal are reasonable for a relatively straightforward insurance coverage dispute litigated in the Orlando area. *See, e.g.*, *Inlet Marina Villas Condominium Association, Inc. v. United Specialty Insurance Company*, Case No. 6:17-cv-1337Orl-40DCI, 2019 WL 2720219, at *3-4 (M.D. Fla. June 13, 2019) (awarding hourly rates of $450.00, $350.00, and $250.00 for attorneys litigating insurance disputes in the Orlando Division of the Middle District of Florida). Moreover, Defendant does not dispute this amount.

Plaintiff is also seeking $60.00 in costs, which represents the parking costs for two cars over two days for attendance at the pre-trial meeting. The Court finds that these costs are reasonable and adequately supported based on the actual attendance of counsel and her paralegal at the pre-trial meeting, and the Defendant has not challenged them. Therefore, they are due to be awarded.

It is hereby **ORDERED** that Plaintiff's Motion for Attorney's Fees and Expenses (Doc. 92) is **GRANTED**. Plaintiff is awarded $9,260.00 in attorney's fees and expenses, to be paid by Defendant State Farm Mutual Automobile Insurance Company.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2020.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties